UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RACHEL A. BISHOP, M.D. | CIVIL ACTION NO. 5:22-CV-01607 |
| VERSUS | SENIOR JUDGE ELIZABETH E. FOOTE |
| BOARD OF SUPERVISORS OF THE LOUISIANA STATE UNIVERSITY AGRICULTURAL AND MECHANICAL COLLEGE and OCHSNER LSU HEALTH-ST. MARY MEDICAL CENTER, L.L.C. | MAGISTRATE JUDGE MARK L. HORNSBY |
| | JURY TRIAL |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO MOTION TO DISMISS**


                              DOWNER, JONES, MARINO & WILHITE, LLC
                              401 Market Street, Suite 1250
                              Shreveport, LA 71101
                              Tel: 318-213-4444
                              Fax: 318-213-4445
                              E-mail : ajones@dhw-law.com
                              E-mail: pjones@dhw-law.com

             By:      */s/Allison A. Jones*
                           Allison A. Jones, Bar No. 16990
                           Pamela R. Jones, Bar No. 19640

                           ATTORNEYS FOR PLAINTIFF

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

I.   Dr. Bishop Has Stated a Claim Against SMMC under
     La. R.S. 51:2256 for Conspiracy to Retaliate ............................................................2

II.  Dr. Bishop Has Stated a Claim Against SMMC for Abuse of a Right ......................3

III. Dr. Bishop Has Stated a Claim Against SMMC for a Discriminatory Practice
     in Connection with Public Accommodation under LA. R.S. 51:2247 ......................5

     A. SMMC is a Place of Public Accommodation .......................................................6

     B. Plaintiff is Within the Class of Protected Persons ...............................................6

IV.  Dr. Bishop Has Stated a Claim Against SMMC for Title IX Discrimination
     in Violation of Section 1557 of the Affordable Care Act .........................................8

CONCLUSION............................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases:**

*Hetz v. Aurora Med. Ctr. of Manitowoc Cty.*, 2007 U.S. Dist. LEXIS 44115, at *38 (E.D. Wis. June 18, 2007) ...................................................................................7

*Ill. C.G.R. Co. v. Int'l Harvester Co.*, 368 So. 2d 1009, 1014 (La. 1979). ......................3

*Morice v. Hosp. Serv. Dist. No. #3*, 430 F. Supp. 3d. 182, 213 (E.D. La. 2019). ..............4

*Truschinger v. Pak*, 513 So. 2d 1151, 1154 (La. 1987) .................................................3

*United States v. Harris Methodist Fort Worth*, 970 F.2d 94, 104 (5th Cir. 1992) ...........9

**Statutes:**

1 U.S.C. §§ 1, 8(a) ......................................................................................................10

20 U.S.C. §1681, et seq. ........................................................................................8, 9, 10

42 U.S.C. § 12101, et seq. .............................................................................................7

42 U.S.C. §18116 .......................................................................................1, 8, 9, 10, 11

42 U.S.C. § 2000d, et seq. ..........................................................................................8, 9

42 U.S.C. §6101, et seq. ...............................................................................................8

La. R.S. 23:302(2) ........................................................................................................2

La. R.S. 23:967 ............................................................................................................2

La. R.S. 51:2232(5) ......................................................................................................5

La. R.S. 51:2232(9) ......................................................................................................5

La. R.S. 51:2247 ........................................................................................1, 5, 6, 8, 11

La. R.S. 51:2256 ...........................................................................................1, 2, 3, 11

**Other Authorities:**

La. Admin. Code tit. 48 § I-9317 ...........................................................................................11

La. Admin. Code tit. 48 §I-9321 ............................................................................................11

La. Civil Code Art 2315.............................................................................................................1

**Rules:**

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................11

**Regulations:**

45 C.F.R. § 92.3 ....................................................................................................................11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RACHEL A. BISHOP, M.D. | CIVIL ACTION NO. 5:22-cv-01607 |
| VERSUS | SENIOR JUDGE ELIZABETH E. FOOTE |
| BOARD OF SUPERVISORS OF THE LOUISIANA STATE UNIVERSITY AGRICULTURAL AND MECHANICAL COLLEGE and OCHSNER LSU HEALTH-ST. MARY MEDICAL CENTER, L.L.C. | MAGISTRATE JUDGE MARK L. HORNSBY |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO MOTION TO DISMISS**

In her original complaint (R. Doc. 1) Dr. Rachel Bishop ("Plaintiff") asserted four claims against Ochsner LSU Health St. Mary Medical Center, L.L.C. ("SMMC"): (1) Conspiracy to retaliate in violation of La. R.S. 51:2256 (Count VI); (2) Abuse of a right, actionable under La. Civil Code art. 2315 (Count VII); (3) Discriminatory denial of the use of a facility of a public accommodation in violation of La. R.S. 51:2247 (Count VIII); and (4) Sex discrimination in a healthcare program or activity prohibited by Section 1557 of the Patient Protection and Affordable Care Act (Count IX). Bishop has a pending request to amend her complaint (R. Doc. 12) to supplement her statement of facts and to add a claim against SMMC (Count X) for liability in *solido* with the Board of Supervisors of the Louisiana State University Agricultural and Mechanical College ("Board") for conspiring with the LSU-affiliated physicians (employee / agents of the Board) to discriminate and retaliate against her. The amendment does not substantively alter the claims asserted in Counts VI through IX, which SMMC has challenged. For

1

reasons more fully set forth below, SMMC's motion to dismiss Counts VII through IX of the Complaint should be denied.

I. **Dr. Bishop has Stated a Claim against SMMC under La. R.S. 51:2256 for Conspiracy to Retaliate**

La. R.S. 51:2256 creates a cause of action in favor of a "person" against an "Employer" as that term is defined by La. R.S. 23:302(2) when an "Employer" has conspired to retaliate against a "person." There is nothing in the wording of La. R.S. 51:2256 that requires the "person" who is the victim of the conspiracy to have had a past employment relationship with the offending "Employer" or to be seeking an employment relationship.

Though the legislature restricted the scope of persons against whom the retaliation claim could be brought, it did not likewise restrict the scope of persons who could bring the claim. The statute creating a cause of action for conspiracy to retaliate is not limited to employer – employee relationships. Had the Louisiana legislature intended to limit the cause of action in R.S. 51:2256 to an employee of the employer, it would have done so. A separate retaliation statute, La. R.S. 23:967, does just that. The cause of action for retaliation in La. R.S. 23:967 protects an "employee" from reprisal by an "employer. The fact that the Louisiana legislature used the word "employee" in La. R.S. 23:967 rather than the more expansive word "person" manifests legislative intent that the cause of action created by La. R.S. 23:967 would be a claim by an employee against an employer.

The plain meaning of the statute is clear: an employer (as that term is defined by La. R.S. 23:302(2) is prohibited from conspiring to retaliate against a "person" who has engaged in any of the activities protected by La. R.S. 51:2256. For purposes of the chapter in which the conspiracy statute is located, the word "person" is defined as "one or more individuals, governments, governmental agencies, public authorities, labor organizations, corporations, legal representatives,

2

partnerships, associations, trustees, trustees in bankruptcy, receivers, mutual companies, joint stock companies, trusts, unincorporated organizations, or other organized groups of persons." The inclusion of non-individuals reinforces the conclusion that the protection of the conspiracy statute was not limited to the employment relationship. An "employer" would not have a master-servant / employer-employee relationship with any of the entities included within the definition of "person." Yet any "employer" would still be prohibited from conspiring to retaliate "in any manner" against any of these persons because of the person's participation in any of the specified protected activities. Dr. Bishop has stated a cause of action against SMMC under La. R.S. 51:2256.

## II.     Dr. Bishop has Stated a Claim against SMMC for Abuse of a Right

The abuse of rights is a civilian doctrine that applies when any of the following conditions are met: (1) the predominant motive for exercise of the right is to cause harm; (2) there is no serious or legitimate motive for exercise of the right; (3) the exercise of the right violates moral rules, good faith, or elementary fairness; or (4) the exercise of the right is for a purpose other than that for which it was granted. *Truschinger v. Pak*, 513 So. 2d 1151, 1154 (La. 1987)   The principle is essentially that "fault" in the delictual sense can be imposed upon a party who attempts to exercise a legal right with the primary intention of causing harm to another.   *Ill. C.G.R. Co. v. Int'l Harvester Co.*, 368 So. 2d 1009, 1014 (La. 1979).

Dr. Bishop alleges that SMMC acted at the insistence of the LSU-affiliated physicians who control the process for admission to SMMC's medical staff. These physicians manipulated the process to exclude Dr. Bishop from the full exercise of privileges for which she is qualified to punish her for her complaints of discrimination and her role in investigations of sex discrimination in the LSU Oral and Maxillofacial Surgery ("OMFS") Graduate Medical Education program.

3

In this case, Dr. Bishop set forth a claim for abuse of rights and misrepresentation in Count VII. Dr. Bishop has stated a cause of action against SMMC for abuse of a right. She has alleged that (1) the motive for denying her the full scope of privileges she has requested, and for which she is fully qualified, is to punish her for the protected activity in which she engaged while a fellow at LSU Medical School and for her testimony against LSU Medical School in a faculty member's federal court hearing; and (2) there is no legitimate motive for SMMC to disregard the plain language of its Bylaws and impose upon her a qualification it does not impose upon others seeking the same privileges. Defendant argues that its motive is purely to safeguard the public. Such an allegation is false. The evidence will show that Plaintiff is fully qualified and has demonstrated competency in the full scope of privileges she seeks, and that SMMC's true reason for refusing to grant the full scope of privileges is discriminatory and retaliatory.

That SMMC would discriminate against a physician seeking privileges on the basis of the physician's sex or to retaliate against that physician for having engaged in protected conduct shocks all notions of good faith and fairness. Accepting Dr. Bishop's allegations as true, she has stated a cause of action under Louisiana law against SMMC for abuse of rights.

SMMC cannot secure dismissal of Dr. Bishop's abuse of right claim on grounds that patient safety concerns served by its privileging process somehow override Dr. Bishop's complaints of discrimination and retaliation. Addressing the abuse of rights doctrine in the context of physician privileging and peer review, the district court for the Eastern District of Louisiana denied a motion to dismiss and found that the physician had stated a claim for abuse of rights against a hospital he alleged manipulated the peer review process for purposes of financial gain. *Morice v. Hosp. Serv. Dist. No. #3*, 430 F. Supp. 3d 182, 213 (E.D. La. 2019). Likewise, Dr. Bishop's claim that SMMC

4

misused and manipulated the privileging process to discriminate and retaliate against her states a cause of action for abuse of right.

### III. Dr. Bishop has Stated a Claim against SMMC for a Discriminatory Practice in Connection with Public Accommodation under La. R.S. 51:2247.

La. R.S. 51:2247 states:

> Except as otherwise provided in this Chapter, it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement, as defined in this Chapter, on the grounds of race, creed, color, religion, sex, age, disability, as defined in R.S. 51:2232, or national origin.

La. R.S. 51:2232 (5) defines "Discriminatory practice in connection with public accommodations" as "any direct or indirect act or practice of exclusion, distinction, restriction, segregation, limitation, refusal, denial, or any other act or practice of differentiation or preference in the treatment of a person or persons because of race, creed, color, religion, sex, age, disability, or national origin.

La. R.S. 51: 2232 (9) defines "Place of public accommodation, resort, or amusement" to mean "any place, store, or other establishment, either licensed or unlicensed, which supplies goods or services to the general public, or which solicits or accepts the patronage or trade of the general public, or which is supported directly or indirectly by government funds."

Dr. Bishop contends that SMMC is a place of public accommodation, as defined by La. R.S. 51:2232 (9) because it is government funded. Dr. Bishop further alleges that SMMC engaged in a discriminatory practice in connection with public accommodations in violation of La. R.S. 51:2247 by limiting the scope of her privileges to use SMMC's government funded facilities to provide healthcare to her patients.

5

### A. <u>SMMC is a Place of Public Accommodation</u>

SMMC is a hospital, a physical place where people receive medical care. The statute further provides that if the "place" or "other establishment" meets any of three additional requirements, it is a "place of public accommodation." The three additional requirements are:

Supplying goods or services to the general public; <u>or</u>
Soliciting or accepting patronage or trade of the general public; <u>or</u>
Supported directly or indirectly by government funds.

The list is disjunctive. Any of these circumstances qualifies a "place" as a "place of public accommodation." SMMC receives government support (both federal, state, municipal and parish). There is nothing in the language of the statute that requires a place supported directly or indirectly by a government to also supply goods or services to the general public or to solicit trade or patronage from the general public before it can be a "place of public accommodation. Government support alone is sufficient to qualify the place as a place of public accommodation.

### B. <u>Plaintiff is Within the Class of Protected Persons</u>

La. R.S. 51:2247 prohibits SMMC, as a place supported by government funds, from "denying an individual the full and equal enjoyment of the . . . facilities, privileges, and advantages" of the place or establishment. In the context of hospital operations, the "facilities" include the operating rooms and medical equipment that the non-employee physician uses to perform the surgical procedures patients require. SMMC's bylaws define "clinical or other privileges" as "conditional use of the Hospital facilities [by the physician] subject to the terms of these Bylaws." There is nothing in the language of Louisiana's public accommodations statute that would exclude coverage for a non-employee physician seeking clinical privileges to use the facilities of a government-supported hospital to provide professional healthcare services or perform surgical procedures on patients.

6

When a "place" or "other establishment" is supported directly or indirectly by government funds, it cannot discriminate on the basis of sex against an individual seeking the privilege to use the facilities offered to others at that place or other establishment. The statute is broad enough to encompass a wide scope of "places" offering facilities for use, from a city park that allows people to reserve a picnic pavilion, to a government-supported small- business incubator park that allows people to use a vendor bay to build a craft business, to a government-supported hospital that allows surgeons to use its operating rooms and surgical equipment to perform surgery on patients. There is nothing stated in the statute that exempts the place of public accommodation from complying with the statute's non-discrimination requirements when the segment of the population seeking to enjoy the privilege of the use of the facilities is small, or highly specialized.

SMMC allows physicians from the community to use its facilities as a "Community Provider," subject to the peer review procedures outlined in its Bylaws. Dr. Bishop applied to be a Community Provider. Dr. Bishop alleges that SMMC, a hospital supported by government funds, discriminated against her on the basis of her sex by denying her the full scope of privileges to use its facilities that it grants to others who have the same qualifications (or even lesser qualifications) and that it did so because of her sex. She has stated a claim under the anti-discrimination provision of Louisiana's public accommodations law.

Addressing the issue of physician privileges at a hospital in the context of the public accommodations provisions of Title III of the Americans with Disabilities Act, (ADA) the Court in *Hertz v. Aurora Med. Ctr. of Manitowoc Cty.*, 2007 U.S. Dist. LEXIS 44115, at *38 (E.D. Wis. June 18, 2007) concluded that hospitals are a place of public accommodation and that a physician seeking privileges to use the medical-care facilities offered by the hospital is an individual entitled to protection against discrimination on the basis of disability under Title III. SMMC cites the

*Hertz* case but asks the Court to ignore the similarity between Title III of the ADA and Louisiana's public accommodation law, contending that this Court should look instead at that portion of the opinion holding that Dr. Hertz could not state a cause of action under Wisconsin's public accommodations law because that state's law applied only to goods and services / patronage and trade with the *general* public. The Louisiana is not like the Wisconsin statute. Indeed, none of the cases relying upon non-Louisiana statutes cited by SMMC are persuasive authority for the interpretation of Louisiana's statute.

SMMC is a place of public accommodation under Louisiana law because it receives government support. Whether or not it provides goods and services to the "general" public or solicits the patronage of the "general" public is not a relevant fact under Louisiana law. SMMC receives government support and has provisions in its Bylaws that allow for the admission of physicians from the community to use its operating rooms and equipment. Dr. Bishop is a physician from the community seeking access to this public accommodation. She has stated a claim against SMMC under La. R.S. 51:2247.

**IV.     Dr. Bishop has Stated a Claim against SMMC for Title IX Discrimination in violation of Section 1557 of the Affordable Care Act**

Section 1557 of the Affordable Care Act, 42 U.S.C. §18116, states:

> "[A]n individual shall not, on the ground prohibited under title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.), title IX of the Education Amendments of 1972 (20 U.S.C. 1681 et seq.), the Age Discrimination Act of 1975 (42 U.S.C. 6101 et seq.), or section 794 of title 29, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance, or under any program or activity that is administered by an Executive Agency or any entity established under this title (or amendments)."

8

Dr. Bishop alleges that SMMC receives Federal financial assistance and that she is an "individual" denied the benefits of and subjected to discrimination under SMMC's health program or activities on grounds prohibited by Title IX. Specifically, Dr. Bishop alleges that SMMC retaliated against her because of her protected Title IX activity by denying her the full scope of privileges to use SMMC's hospital facilities that she needs to perform surgeries and treatments she is fully trained and qualified to perform for the healthcare and treatment of her patients.

SMMC contends that the only individuals protected against discrimination by SMMC under Section 1557 are healthcare consumers or patients and not the individual physicians to whom SMMC grants permission to use its facilities to perform surgical procedures and to admit patients for in-patient care. This is incorrect as demonstrated by long-standing jurisprudence interpreting Title VI of the Civil Rights Act of 1964, a statute which, like Title IX, supplies grounds for protection against discrimination under Section 1557 of the PPACA.

In 1992 the Fifth Circuit determined that the scope of Section 601, the anti-discrimination provision of Title VI of the Civil Rights Act of 1964 extends to the process of non-employee physician staff privileges at a hospital receiving federal funds because the anti-discrimination provision protects not only the individual beneficiary of the financial aid, but all participants in the federally funded program. *United States v. Harris Methodist Fort Worth*, 970 F.2d 94, 104 (5th Cir. 1992) SMMC uses an executive committee admission process similar to that described in *U.S. v. Harris* to determine which non-employee physicians SMMC will allow to join its medical staff and use its facilities to provide health care to patients (many of whom are Medicare or Medicaid insured). Dr. Bishop alleges that SMMC receives many types of federal financial aid through the United States Department of Health and Human Services and from other federal financial aid sources. The federal funds include grants and funds for the construction and

9

renovation of hospital facilities, payments from Medicare and Medicaid, and pandemic relief funds. SMMC provides a medical facility for self-employed community provider physicians such as Dr. Bishop to use to deliver care to patients. A hospital's operating room and the operating equipment contained therein (obtained with federal funds) are of no benefit to the patient without a surgeon to perform the operation. The community provider physicians granted privileges to use SMMC's federally funded facilities are participants in the federally funded health care programs and activities conducted by SMMC. Thus, Section 1557 prohibits SMMC from discriminating in its privileging process against a non-employee physician on any grounds prohibited by Title IX.

That protection against discrimination extends to non-employee physicians is fully supported by the plain language of the Patient Protection and Affordable Care Act. Though the Act does not define the term "individual" as that term is used in Section 1557, in the context of the statute, the word clearly means a natural person, "of the species homo sapiens." See 1 U.S.C. §§ 1, 8(a). Had Congress intended Section 1557 to be limited to individuals who were patients, or seeking to become patients, or individuals seeking or receiving health care or health insurance, it would have supplied words from which that restriction could be inferred. There is nothing in the language of the statute to suggest that Congress intended to limit in any way the scope of individuals to whom Section 1557 extends protection from discrimination under a health program or activity. If the "individual" is excluded from or experiences discrimination under a health program or activity on grounds prohibited by any of the four anti-discrimination statutes incorporated into Section 1557, that person is within the scope of protected individuals.

Further the terms "health program or activity" from which the individual may not be excluded or subjected to discrimination is broadly defined for purposes of the anti-discrimination protection of Section 1557. The regulations implementing this statute declare that for those

receiving federal funds, the term "'health program or activity' encompasses <u>all of the operations</u> of entities principally engaged in the business of providing healthcare . . . ." 45 C.F.R. section 92.3 (underlining added).

The Louisiana Administrative Code provisions governing hospital management require a hospital to "have either an effective governing body or individual(s) legally responsible for the conduct of the hospital <u>operations</u>. " La. Admin. Code tit. 48 § I-9317 (underlining added). The "operations" subject to the supervision of the governing body or responsible individual include determining "which categories of practitioners are eligible for appointment to the medical staff." I-9317(A)(5). The state regulations further provide that appointment to the medical staff is by recommendation of the hospital's medical executive committee with approval by the governing body. La. Admin. Code tit. 48 § I-9321. There is no room for doubt that the process of admitting non-employee physicians to the medical staff at SMMC is part of the operations of the hospital and that the non-discrimination protection of Section 1557 applies to the privileging process.

## CONCLUSION

For purposes of deciding a motion to dismiss under FRCP 12(b)(6) this court must accept all of the Plaintiff's allegations as true. Plaintiff's facts, as alleged in her Complaint, establish causes of action under La. R.S. 51:2256 (conspiracy to retaliate), La. R.S. 51:2247 (discriminatory practice in connection with a public accommodation), Abuse of a Right, and discrimination in violation of Section 1557 of the Patient Protection and Affordable Care Act. SMMC's motion to dismiss should be denied.

Respectfully submitted this 2nd day of September, 2022

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445
E-mail : ajones@dhw-law.com
E-mail: pjones@dhw-law.com

By:   /s/Allison A. Jones
Allison A. Jones, Bar No. 16990
Pamela R. Jones, Bar No. 19640

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __2nd__ day of September, 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF filing system. Notice of this filing will be sent to all the parties on record by operation of the court's electronic filing system.

By:   /s/ Allison A. Jones
OF COUNSEL

12