**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **RACHEL A. BISHOP,  M.D.** | **CIVIL ACTION NO. 5:22-CV-01607** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **BOARD OF SUPERVISORS OF THE LOUISIANA STATE UNIVERSITY AGRICULTURAL AND MECHANICAL COLLEGE and OCHSNER LSU HEALTH SHREVEPORT - ST. MARY MEDICAL CENTER, L.L.C.** | **MAGISTRATE MARK L. HORNSBY** |

_____

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes defendant, BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AGRICULTURAL AND MECHANICAL COLLEGE (the "Board") and, for response to the Amended Complaint (Doc. 15) of Rachel A. Bishop, M.D. (hereinafter "Dr. Bishop" or "plaintiff"), states, the following:

### AFFIRMATIVE DEFENSES

#### First Defense

With regard to one (1) or all of plaintiff's claims against the Board, plaintiff has failed to state a claim upon which relief can be granted.

#### Second Defense

Some or all of plaintiff's claims are barred by prescription, statute of limitations and/or failure to properly initiate and/or  exhaust administrative remedies and/or failure to meet prerequisites for filing suit.

1

<u>Third Defense</u>

Some or all of plaintiff's claims are barred because the Board exercised reasonable care to prevent and  correct all  acts  alleged to be unlawful (in plaintiff's Amended Complaint); defendant maintained, disseminated and enforced clear policies against discrimination and/or retaliation.

<u>Fourth Defense</u>

Some or all of plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

<u>Fifth Defense</u>

Plaintiff fails to state any claim against the Board under Title VII or Title IX because defendant always treated plaintiff in a fair, non-discriminatory and non-retaliatory manner.

<u>Sixth Defense</u>

Plaintiff has failed to mitigate her damages, if any.

<u>Seventh Defense</u>

The Board pleads the limitation on  legal interest  and court  costs in accordance with La. R.S. 13:5112 as to any specific state law claims.

<u>Eighth Defense</u>

Plaintiff's  lawsuit  is  frivolous  and/or  unreasonable  and/or  without  foundation,  and accordingly, the Board is entitled to and seeks herein:

(A) Attorney fees and all costs of defending against  plaintiff's Title VII  discrimination and retaliation  claims,  in  accordance with  <u>§ 706(k) of  the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(k)</u>;

(B) Attorney fees and costs as   may be allowable  under any  other applicable Louisiana State and/or Federal law.

<u>Ninth Defense</u>

Plaintiff was enrolled in a  two-year  fellowship program, and failed to complete that program; accordingly, plaintiff is not entitled to any certification of completion for her fellowship.

<u>Tenth Defense</u>

Any and all actions relating to plaintiff were taken without  regard to her sex, and without regard to her  alleged participation in any activity protected by Title VII and/or Title IX.

<u>Eleventh Defense</u>

<u>Proceedings conducted in 2021</u> in the matter  titled and numbered "*<u>Jennifer Woerner, D.M.D., M.D. v. Board of Supervisors of Louisiana State University Agricultural and Mechanical College and Edward F. Jones</u>*," No. 5:21-CV-01846, United States District Court, Western District of Louisiana, Shreveport Division:

(1) did not involve the EEOC;
(2) were not related to any "investigation" of any EEOC complaint;
(3) were not conducted pursuant to Chapter 38 of the Louisiana Revised Statutes; and
(4) were not conducted pursuant to Chapter 3-A of the Louisiana Revised Statutes.

## **ANSWER TO AMENDED COMPLAINT**

1.

The allegations of Paragraph 1 aver conclusions of law and do not require a response.

2.

The allegations of Paragraph 2 aver conclusions of law and do not require a response.

3.

The allegations of Paragraph 3 are denied.

3

4.

For response to Paragraph 3, the Board admits Dr. Bishop is an adult female who has had fellowship training in cleft and craniofacial surgery; all remaining allegations are denied for lack of information sufficient to justify a belief therein.

5.

The allegations of Paragraph 5 are admitted; further responding, the Board denies any and all liability to plaintiff under any statute and/or theory of recovery alleged in plaintiff's Complaint

6.

For response to Paragraph 6, the Board admits plaintiff was enrolled in a post-doctoral fellowship at Louisiana State University Medical Center-Shreveport ("LSUHSC-S"); all remaining allegations are denied.

7.

The allegations of Paragraph 7 constitute legal conclusions for which a response is not required; however, to the extent a response may be necessary, the allegations are denied as written.

8.

The Board admits receiving federal funds; all remaining allegations of  Paragraph 8 are denied as written.

9.

The allegations of Paragraph 9 are admitted.

10.

The allegations of the first sentence of Paragraph 10 are admitted; defendants admit the allegations of  Dr. Ghali's employment  position at  LSUHSC-S; all remaining  allegations are denied as written.

11.

For response to Paragraph 11, the Board denies Dr. Ghali "manifested hostile sexism at his first encounter with Dr. Bishop." All remaining allegations are denied for lack of information sufficient to justify a belief therein.

12.

The allegations of Paragraph 12, including subparagraphs 12(a) through 12(d), are denied.

13.

The allegations of Paragraph 13 are denied.

14.

For response to Paragraph 14, the Board denies the existence of any "sex-based hostility in the program" and further denies the existence of "sex based hostility" at LSUHSC-S. The Board further denies that Dr. Woerner experienced "sex discrimination in the OMFS program." All remaining allegations are denied as written.

15.

For response to Paragraph 15, the Board denies the existence of "sex-based bias" in any educational program at LSUHSC-S; defendant  further denies "Dr. Ghali and male resident physicians" engaged in "sex-based bias."  All remaining allegations are denied as written.

16.

The allegations of Paragraph 16 are denied  for lack of information sufficient to justify a belief therein.

17.

The allegations of Paragraph 17 are denied for lack of  information sufficient to justify a belief therein.

18.

The allegations of Paragraph 18 are denied for lack of information sufficient to justify a belief therein.

19.

The allegations of Paragraph 19 are denied as written.

20.

For response to Paragraph 20, the Board denies any "Louisiana state senators" had any "unprecedented private access to the Board," or that any "Louisiana state senators" exerted any "political influence over the Board" at any time in relation to Dr. Ghali. All remaining allegations are denied as written.

21.

For response to Paragraph 21, he Board avers the  alleged "statement" allegedly released by Dr. Ghali is the best evidence of its content. Further responding, defendant avers  the Title IX allegations against Dr. Ghali had been found to be baseless on   or before April 7, 2021. All remaining allegations are denied for lack of information sufficient to justify a belief therein.

22.

The allegations of Paragraph 22 are denied as written; further responding, the Board avers that any alleged written  "complaints" are the best evidence of their content.

23.

For response to Paragraph 23, the Board admits Dr. Ghali was temporarily removed from his position as Chancellor of LSUHSC-S; all remaining allegations are denied as written.

24.

The allegations of Paragraph 24 are denied.

25.

For response to Paragraph 25, the Board admits Dr. Woerner was placed on administrative leave on May 12, 2021. All remaining allegations are denied.

26.

For response to Paragraph 26, the allegations are denied as written; further responding, the Board avers that any email referenced in Paragraph 26 is the best evidence of its content.

27.

For response to Paragraph 27, the Board avers Dr. Woerner was placed on administrative leave; the Board denies Dr. Woerner was placed on  "administrative suspension." The Board further denies plaintiff was harmed by any Board actions relating to Dr. Woerner.  All remaining allegations are denied as written

28.

The allegations of Paragraph 28 are denied as written. Further responding, the Board avers that Dr. David Kim ("Dr. Kim") met with plaintiff on May 12, 2021, and offered the continuation

of plaintiff's fellowship with other physicians in the department; Dr. Charles Fox ("Dr. Fox") also spoke with Dr. Bishop about continuing her fellowship; however, Dr. Bishop never acted on any proposals by Dr. Kim or Dr. Fox.

29.

The allegations of Paragraph 29 are denied.

30.

The allegations of Paragraph 30 are denied.

31.

The first sentence of Paragraph 31 is denied for lack of information sufficient to justify a belief therein. For response to the second sentence of Paragraph 31, the Board denies the existence of any "sex-based hostile environment" at LSUHSC-S; the Board further denies Dr. Ghali "created" any "sex-based hostile environment."  For response to  the third  sentence of Paragraph 31, the Board denies plaintiff's studies and employment ended as a "consequence" of  any actions by or in relation to Dr. Ghali. Any remaining allegations of Paragraph 31 are denied.

32.

For response to Paragraph 32, the Board admits plaintiff  testified on August 10, 2021,  in that certain litigation matter titled and numbered, "*Jennifer Woerner, D.M.D., M.D.  v. Board of Supervisors  of Louisiana State University Agricultural and Mechanical College and Edward F. Jones*," Civil Action No. 5:21-CV-01846, United States District Court, Western District of Louisiana, Shreveport Division. Further responding, the Board denies Dr. Woerner's lawsuit for injunctive relief was "in aid of the Equal Employment Opportunity Commission's ... investigation of Dr. Woerner's Title VII sex discrimination and retaliation charges against the Board."

33.

The allegations of Paragraph 33 are denied for lack of information sufficient to  justify a belief therein.

34.

For response to Paragraph 34, the Board avers the documents referenced by plaintiff are the best evidence of their content; further responding, any remaining allegations of Paragraph 34 are denied as written.

35.

For response to the first sentence of  Paragraph 35, the Board avers it  is  not required to admit or deny allegations relating to Shriners Hospitals for Children-Shreveport; the Board denies for lack of information sufficient to justify a belief therein plaintiff's allegations regarding her "clinic" at Shriners, and  her performance of  surgical procedures "at  another facility." The remaining allegations of Paragraph 35 are denied as written.

36.

For response to Paragraph 36, the  Board admits plaintiff applied for privileges to practice oral and maxillofacial surgery at Ochsner. All remaining allegations are denied for lack of information sufficient to justify a belief therein.

37.

The allegations of Paragraph 37 are denied as written.

38.

The allegations of Paragraph 38 are denied as written.

39.

The allegations of Paragraph 39, including subparagraphs 39(a) and 39(b) are denied as written.

40.

The allegations of Paragraph 40 are admitted.

41.

The allegations of Paragraph 41 are denied.

42.

The allegations of Paragraph 42, including subparagraphs 42(a) through 42(o), are denied.

43.

The allegations of  Paragraph 43 are denied for lack of information sufficient to justify a belief therein.

44.

The first sentence of Paragraph 44 is denied as written. All remaining allegations of Paragraph 44 are denied.

45.

For response to Paragraph 45, the Board admits Dr. David Lewis  was named interim chancellor of LSUHSC-S. Defendants deny Dr. Lewis "influences and controls the actions of LSUHSC-S." The allegation that Dr. Lewis "functions as an agent of the Board" is a legal conclusion, which is denied. All remaining allegations are denied.

46.

For response to Paragraph 46, the Board admits Dr. Paul Cooper ("Dr. Cooper") is an associate professor of medicine at LSUHSC-S; the allegation that Dr. Cooper "is an agent of the Board" is a legal conclusion which is denied. All remaining allegations are denied as written.

47.

For response to Paragraph 47, defendant avers the allegation that "SMMC'[Ochsner] is a "a private entity that is separate from the Board and LSUHSC-S" is a legal conclusion for which a response is not required; defendant denies Dr. Cooper "functions to control the actions" of Ochsner. Any remaining allegations are denied as written.

48.

The allegations of Paragraph 48 are denied as written.

49.

The first sentence of Paragraph 49 is denied as written; further responding, the Board avers plaintiff did not complete her fellowship at LSUHSC-S. Further responding to Paragraph 49, the Board denies that any actions were ever taken in relation to plaintiff "for discriminatory and retaliatory reasons." Any remaining allegations of Paragraph 49 are denied.

50.

For response to Paragraph 50, the Board avers that, beginning July 1, 2014, the Cleft & Craniofacial Surgery fellowship has been a two-year program; plaintiff's fellowship was not a one-year program, and LSUHSC-S could not issue a "certificate of completion" for a "one year" fellowship that did not exist. To the extent Paragraph 50 alleges plaintiff was entitled to a certificate of completion for her fellowship, the allegation is denied. Further responding, the Board

11

avers that, nevertheless. LSUHSC-S was willing to provide plaintiff with a document on LSUHSC-S letterhead acknowledging that Dr. Bishop completed <u>one year of the two-year fellowship</u>. Further responding to Paragraph 50, the Board denies that "LSUHSC-S had issued one-year certificates of completion for at least four male physicians who either did not contract for a second year of fellowship or who had contracted for a second year but had not completed a second year." Any and all remaining allegations of Paragraph 50 are denied.

51.

The allegations of Paragraph 51 are denied.

52.

For response to Paragraph 52, the Board denies engaging in any improper acts causing any damage to plaintiff. Further responding, the allegations of Paragraph 52 are denied.

53.

The allegations of Paragraph 53 are denied

54.

The allegations of Paragraph 54 are denied.

55.

The allegations of Paragraph 55 are denied.

56.

The allegations of Paragraph 56 are denied.

57.

The allegations of Paragraph 57 are denied; further responding, the Board avers there is no such thing as "constructive discharge" from a fellowship training program.

12

58.

The allegations of Paragraph 58 are denied.

59.

For response to Paragraph 59, the Board denies the  existence of  any "discriminatory actions" against plaintiff; all remaining allegations are denied.

60.

For response to Paragraph 60, the Board denies the existence of any "discriminatory actions" against plaintiff; all remaining allegations are denied.

61.

The allegations of Paragraph 61 are denied.

62.

The allegations of Paragraph 62 constitute assertions  and/or conclusions of law for which a response is not required; however, to the extent a response may be necessary, the allegations are denied as written.

63.

The allegations of  Paragraph 63, including  subparagraphs 63(a) through 63(h),  are denied.

64.

For response to Paragraph 64, the Board denies the existence of any retaliation; the Board further denies all remaining allegations of Paragraph 64.

65.

The allegations of Paragraph 65 are denied; further responding, the Board denies plaintiff is entitled to any relief whatsoever.

66.

The allegations of Paragraph 66 constitute an assertion and/or conclusion of law for which a response is not required.

67.

The allegations of Paragraph 67 are denied.

68.

The allegations of Paragraph 68 are denied.

69.

The allegations are denied as written.

70.

The allegations of Paragraph 70 are denied as written.

71.

For response to Paragraph 71, the Board denies the existence of any "sex-based hostile environment." The Board further denies that Dr. Ghali "had created and was perpetuating" any "sex-based hostile work environment." All remaining allegations are denied.

72.

For response to Paragraph 72, the Board denies the existence of any "discriminatory environment." All remaining allegations of Paragraph 72 are denied.

73.

For response to the allegations of Paragraph 73, the Board avers plaintiff's fellowship was a two-year program which plaintiff did not complete; accordingly no "certificate of one year completion of the fellowship program" existed. All remaining allegations of Paragraph 73  are

denied.  Further responding, LSUHSC-S advised plaintiff it was willing to provide plaintiff with a document on LSUHSC-S letterhead  acknowledging that Dr. Bishop completed one year of the two-year fellowship; plaintiff did not accept the offer.

74.

For response to Paragraph 74, the Board  denies LSUHSC-S  gave  any person  a  "one year certificate  of  completion"   for the two-year fellowship program in which plaintiff was enrolled; the  Board further denies LSUHSC-S  made  "concessions" so as to grant a "one year certificate of completion" to "'male fellows"  for the two-year fellowship  program in which  plaintiff was enrolled. Further  responding, Dr.  Stavan Patel, who [unlike plaintiff] was on a dual fellowship track,  was allowed to complete the program in 1.5 years due to his other fellowship. The Board denies engaging in  any "act  of  sex  discrimination." Any and all remaining  allegations of Paragraph 74 are denied.

75.

For  response  to  Paragraph  75,  the  Board  denies  the  existence  of  any  "sex-based discrimination" against plaintiff. All remaining allegations of Paragraph 75 are denied.

76.

The allegations of Paragraph 76 are denied. Further responding, the  Board  avers plaintiff is entitled to no remedies under Title VII or any other statute.

77.

The allegations of Paragraph 77, as well as subparagraphs 77(a) and 77(b) are denied as written; the allegations of subparagraph 77(c) are denied.

15

78.

The allegations of Paragraph 78 are denied as written.

79.

The allegations of Paragraph 79, including subparagraphs 79(a) through 79(e) are denied.

80.

For response to Paragraph 80, the Board denies the existence of any "acts of retaliation." All remaining allegations of Paragraph 80 are denied.

81.

The allegations of Paragraph 81 are denied.

82.

The first sentence of Paragraph 82 is an assertion and/or conclusion of law for which a response is not required. For response to the second sentence of Paragraph 82, the Board avers the referenced written contract is the best evidence of its content.

83.

The allegations of Paragraph 83 are denied.

84.

The allegations of Paragraph 84 constitute assertions and/or conclusions of law for which a response is not required.

85.

The allegations of Paragraph 85 constitute assertions and/or conclusions of law for which a response is not required; however, to the extent a response may be necessary, the allegations are denied.

86.

The allegations of Paragraph 86 are denied.

87.

The allegations of Paragraph 87 are denied.

88.

The allegations of Paragraph 88 are denied.

89.

For response to Paragraph 89, the Board denies the existence of any "conspiracy to discriminate and/or retaliate" against plaintiff; all remaining allegations of Paragraph 89 are denied.

90.

The allegations of Paragraph 90 are denied.

91.

The allegations of Paragraph 91 constitute assertions and/or conclusions of law for which a response is not required; however, to the extent a response may be necessary, the allegations are denied.

92.

The allegations of Paragraph 92 are denied.

93.

The allegations of Paragraph 93 are denied.

94.

For response to Paragraph 94, the Board denies the existence of any "conspiracy to discriminate and/or retaliate" against plaintiff; all remaining allegations of Paragraph 94 are denied.

17

95.

The allegations of Paragraph 95 are denied.

96.

The allegations of Paragraph 96 are denied; further responding, the Board avers the issue of privileges at Ochsner is a function of OLHS-NL.

97.

The allegations of Paragraph 97 are denied.

98.

The allegations of Paragraph 98 are denied.

99.

For response to Paragraph 99, the Board denies the <u>abuse of any right whatsoever</u>. Further responding, all remaining allegations of Paragraph 99 are denied.

100.

For response to Paragraph 100, the Board denies the <u>abuse of any right whatsoever</u>. Further responding, all remaining allegations of Paragraph 100 are denied.

101.

For response to Paragraph 101, the Board denies the <u>abuse of any right whatsoever</u>. Further responding, all remaining allegations of Paragraph 101 are denied.

102.

The allegations of Paragraph 102 are denied.

103.

The allegations of Paragraph 103 constitute assertions and/or conclusions of law for which a response is not required.

104.

The allegations of Paragraph 104 constitute assertions and/or conclusions of law for which a response is not required; however, to the extent a response may be necessary, the allegations are denied.

105.

The allegations of Paragraph 105 are denied.

106.

For response to Paragraph 106, the Board denies the existence of any "sex-based abuse" of any privileging right. All remaining allegations of Paragraph 106 are denied.

107.

For response to Paragraph 107, the Board denies the existence of any "sex-based abuse" of any privileging right. All remaining allegations of Paragraph 107 are denied.

108.

For response to Paragraph 108, the Board denies the existence of any "unlawful sex-based discriminatory practice." All remaining allegations of Paragraph 108 are denied.

109.

The allegations of Paragraph 109 are denied.

110.

The allegations of Paragraph 110 constitute assertions and/or conclusions of law for which a response is not required.

111.

The allegations of Paragraph 111 constitute assertions and/or conclusions of law for which a response is not required.

112.

For response to Paragraph 112, the Board admits Ochsner provides healthcare; all remaining allegations of Paragraph 112 are denied as written.

113.

The allegations of Paragraph 113 are denied as written.

114.

The allegations of Paragraph 114 are admitted

115.

For response to Paragraph 115, the Board denies any  discrimination and/or  retaliation against  plaintiff; the Board  further  denies  the  existence  of any "conspiracy" whatsoever. All remaining  allegations of Paragraph 115 are denied.

116.

For response to  the allegations  of Paragraph 116, the Board denies any discrimination and/or retaliation against plaintiff. All remaining allegations of Paragraph 116 are denied.

117.

For response to Paragraph 117, the Board denies the existence of any "unlawful sex-based discrimination" against plaintiff; all remaining allegations of Paragraph 117 are denied.

118.

The allegations of Paragraph 118 are denied.

119.

The allegations of Paragraph 119 aver conclusions of law and do not require a response. Further answering, to the extent plaintiff is alleging the Board conspired to commit harm to plaintiff, such allegation is denied.

120.

The allegations of Paragraph 120 are denied.

121.

The allegations of Paragraph 121 are denied.

122.

The allegations of Paragraph 122 are denied.

JURY TRIAL REQUEST

Plaintiff's request for a jury trial does not require a response.

PRAYER FOR RELIEF

The Board denies plaintiff is entitled to any  relief under  any statute  and/or theory of liability alleged in plaintiff's Amended Complaint.

21

WHEREFORE, defendant, BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AGRICULTURAL AND MECHANICAL COLLEGE prays that:

(1)     The Board's Answer and  Affirmative Defenses be  deemed good  and  sufficient, and plaintiff's claims be dismissed with prejudice, at plaintiff's cost;

(2)     The Board be awarded costs and attorney fees for defending plaintiff's Title VII claims, as allowed by 42 U.S.C. § 2000e-5(k); and

(3)     The  Board be awarded attorney fees and costs as may be allowed by any other applicable Louisiana State and/or Federal statute.

Respectfully submitted,

JEFF LANDRY
ATTORNEY GENERAL

By: s/Steven M. Oxenhandler
Steven M. Oxenhandler (#28405)
soxenhandler@goldweems.com
Michael J. O'Shee (#10268)
moshee@goldweems.com
Joshua J. Dara (#35739)
jdara@goldweem.com
GOLD WEEMS LAW FIRM
2001 MacArthur Drive/P.O. Box 6118
Alexandria, LA 71307-6118
Tel: (318) 445-6471/ Fax: (318) 445-6476

**SPECIAL ASSISTANT ATTORNEYS GENERAL FOR THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AGRICULTURAL AND MECHANICAL COLLEGE**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY, on September 19, 2022, I filed the Answer and Affirmative Defenses to Plaintiff's Amended Complaint, using the Court's electronic filing system, CM/ECF, which will provide a copy of the Answer and Affirmative Defenses to Plaintiff's Amended Complaint to all counsel of record.

<u>/s/ Steven M. Oxenhandler</u>
OF COUNSEL
