UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RACHEL A. BISHOP<br>*Plaintiff*<br><br>VERSUS<br><br>BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY & AGRICULTURAL & MECHANICAL COLLEGE, ET AL.<br>*Defendant* | CIVIL ACTION NO. 5:22-cv-01607<br><br>SENIOR JUDGE ELIZABETH E. FOOTE<br><br>MAGISTRATE JUDGE MARK L. HORNSBY |

## **MEMORANDUM IN SUPPORT OF REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

Defendant Ochsner LSU Health Shreveport – St. Mary Medical Center, L.L.C. ("SMMC"), respectfully submits this Reply Memorandum in Support of its Motion to Dismiss (R. Doc. 19) all claims filed against it in the First Amended Complaint. (R. Doc. 15, the "Complaint") by Plaintiff Rachel A. Bishop ("Plaintiff"). As to each claim brought against SMMC, the Amended Complaint fails to state a claim upon which relief can be granted. SMMC addresses each claim in turn.

**I.    Plaintiff's 51:2256 Claim Fails as SMMC Was Not Dr. Bishop's "Employer."**

Plaintiff's claims under La. R.S. 51:2256 fail because SMMC was never her "employer." Plaintiff contends that La. R.S. 51:2256's cause of action against "Employers" creates a cause of action for any "person" against any "Employer" alleged to have retaliated against the person, regardless of whether the person was actually employed by the employer. This position has no basis in law or fact.

Plaintiff cites the definition of "person" set forth in La. R.S. 51:2232 as support for her position. Plaintiff contends that the inclusion of "non-individuals" in the statute's definition of

1

"person" shows that the conspiracy statute's protection was not limited to the employment relationship. This conclusion is not warranted.

The definition of "person" in the Louisiana Commission on Human Rights Act, La. R.S. 51:2231, *et seq.*, includes non-individuals because the Human Rights Act as a whole covers situations that do not involve the employment relationship.[1] For example, La. R.S. 51:2247 provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation." That is, unlike actions under Section 2256, actions under Section 2247 may be brought against any *person*. The Legislature's amendment of Section 2232 to remove that parallel language must be construed such that it has meaning.

Section 51:2256 was amended to extend only to actions against "employers," rather than to actions against "persons" generally. Predictably, Plaintiff cites no case law under which a person who is not an employee has successfully stated a claim against an employer for violating Section 2256 or other related *employment* provisions of the Human Rights Act. Plaintiff also makes no attempt to distinguish the case law cited by SMMC, which clearly requires the existence of an employment relationship to support a claim under Section 2256 and which was all decided after the amendment of the statue in 2014.[2] Therefore, the Court should dismiss Plaintiff's claim under La R.S. 51:2256.

---

[1] The law prevents, for example, unlawful discriminatory practices in connection with public accommodations, La. R.S. 51:2247, in advertising public accommodations, La. R.S. 51:2248, by financial service providers, La. R.S. 51:2254, and against breastfeeding mothers, La. R.S. 51:2247.1, and in credit transactions, La. R.S. 51:2255.

[2] *See* R. Doc. 19-1, p. 6.

## II. Plaintiff Fails to Meet the Heightened Pleading Standard for Abuse of Right.

Plaintiff fails to state a claim for abuse of right because she has not plead sufficient facts to meet the very high bar Louisiana law sets to successfully state such a claim. Louisiana courts – both state and federal – have consistently resisted entertaining abuse of rights claims because the doctrine "renders unenforceable one's otherwise judicially protected rights." *Truschinger v. Pak*, 513 So. 2d 1151, 1154 (La. 1987). *See, e.g.*, *Mass. Mut. Life Ins. Co. v. Nails*, 549 So. 2d 826, 828 (La. 1989)("[T]he doctrine of abuse of rights has been invoked sparingly in Louisiana."); *Brumley v. Leam Invs., Inc.*, No. 09-1078, 2012 U.S. Dist. LEXIS 19803, at *57 (W.D. La. Feb. 16, 2012)("Louisiana courts are loath to invoke the abuse of rights doctrine because its 'application renders unenforceable one's otherwise judicially protected rights.'"); *Gallien v. Gott*, No. 07-1912, 2008 U.S. Dist. LEXIS 24298, at *6 (W.D. La. Mar. 27, 2008)("[T]he Abuse of Rights doctrine is a civilian concept which is applied only in limited circumstances because its application renders unenforceable one's otherwise judicially protected rights.").

Plaintiff's conclusory allegation that there were "no legitimate reasons" informing SMMC's decision to deny her privileges is insufficient to state a claim for abuse of right. The case Plaintiff cites, *Morice v. Hosp. Serv. Dist. #3*, 430 F. Supp. 3d 182, 190 (E.D. La. 2019), does not support a different conclusion. In *Morice*, the plaintiff-doctor sued a hospital for suspending and denying privileges already bestowed upon the plaintiff. The plaintiff alleged, *inter alia*, that his privileges were suspended or denied because he was cited for "numerous bogus violations" which the hospital "fabricated the bases for." *Id.* at 193. In this case, on the other hand, Plaintiff does not contend that the stated reason she was denied privileges – that she did not obtain a certificate of completion of her fellowship at LSUHSC-S – is "bogus" or "fabricated." Rather, Plaintiff admits she did not pursue the second year of her fellowship, Complaint, ¶ 31, and contends that this stated

reason is pretextual. But an allegation of pretext is not sufficient to state a claim for abuse of right under Louisiana law.

Louisiana courts hesitate to permit abuse of rights claims because they can be enforced to inhibit the exercise of judicially protected rights. It is difficult to imagine a more important set of rights than that of a hospital to credential applicants to perform these highly technical surgeries, especially on children. And to permit a hospital to be sued on these allegations despite Plaintiff admitting she did not satisfy prerequisites for privileges at SMMC would run contrary to Louisiana's established jurisprudence . "If a party has a 'legitimate and serious interest' in exercising the right, however, the [abuse of right] doctrine **provides no basis for recovery**." *Johnson v. Delchamps, Inc.*, 897 F.2d 808, 811 (5th Cir. 1990) (emphasis added). This Count should accordingly be dismissed.

### III. Plaintiff Has No Standing to Pursue a Claim for Public Accommodation Discrimination.

Plaintiff fails to state a claim for public accommodation discrimination because she cannot show that she is in the class of individuals that La. R.S. 51:2247 was designed to protect.

Both parties cite *Hertz v. Aurora Med. Ctr. of Manitowoc Cty.*, No. 06-C-636, 2007 U.S. Dist. LEXIS 44115 (E.D. Wis. June 18, 2007) for their arguments. *Hertz* is instructive because it also involved a doctor denied hospital privileges. The court in *Hertz* dismissed the plaintiff doctor's claims under Wisconsin's discrimination in public accommodations law for failure to state a claim but allowed the plaintiff's claims under Title III of the Americans with Disabilities Act to proceed. The *Hertz* court's rationale for reaching these contrary conclusions shows why dismissal of plaintiff's claims under Louisiana's discrimination in public accommodations law is proper.

In concluding dismissal was proper under Wisconsin's public accommodations law, the *Hetz* court reasoned that the "narrower protections" of Wisconsin's law, as opposed to Title III, meant that plaintiff was not included in the category of plaintiffs entitled to protection.

> [Wisconsin's discrimination in public accommodations law] notes that a place of public accommodation is a "place where accommodations, amusement, goods or services are available **either free or for a consideration**."
>
> This language is in contrast to the language of the ADA, which does not specify the conditions under which the privileges or goods offered by the place must be provided, and which specifically includes entities which are accessible to only a limited segment of the public.
>
> The inclusion of the phrase "free or for a consideration" indicates that a place of public accommodation is not simply a place where goods and services are available, but rather a place where these goods and services are freely available. *Id.* at *48-49 (citations omitted) (emphasis in original).

Plaintiff contends that Louisiana law is unlike Wisconsin law in this sense because "whether or not [SMMC] provides goods and services to the "general" public…is not a relevant fact under Louisiana law."[3] This is not accurate. Rather, just like Wisconsin, Louisiana's definition of a "public accommodation" explicitly requires that entities provide goods and services available to the general public.

> "Place of public accommodation, resort, or amusement" means any place, store, or other establishment, either licensed or unlicensed, **which supplies goods or services to the general public or which solicits or accepts the patronage or trade of the general public**, or which is supported directly or indirectly by government funds. La. Rev. Stat. Ann. § 51:2232 (9)(emphasis added).

Of course, Plaintiff is not alleging she was denied "goods or services [supplied to] the general public," which would place her within 51:2247's ambit. Rather, plaintiff is seeking privileges that

---

[3] R. Doc. 21, p. 8.

5

are not – in any sense - available to the general public. In making decisions regarding issuing privileges, "[SMMC] uses selective criteria in determining whether an individual may receive access to particular goods or services [and] is not acting as a place of public accommodation in regards to that particular good or service." *Id.* at *49. Accordingly, just like the hospital at issue in *Hertz*, SMMC was not acting as a place of public accommodation when it denied plaintiff admitting privileges.

Further, Plaintiff has provided no other legal support, and no case law from Louisiana's courts supporting her contention that a doctor providing medical services in a hospital (or some other non-patron of a place of public accommodation) has standing to pursue a claim under 51:2247. And other than *Hertz*, Plaintiff fails to distinguish any of the case law cited by SMMC in the Motion dismissing claims of public accommodation discrimination both under Titles II and III of the ADA and under parallel state laws. Therefore, the Court should dismiss Plaintiff's claim for public accommodation discrimination.

### IV. The Complaint Fails to State a Claim Under the Affordable Care Act.

Plaintiff fails to state a claim against SMMC under the Affordable Care Act because she is not within the class of persons entitled to the law's protection from sex discrimination. Plaintiff contends she is protected by Section 1557 of the *Patient* Protection and Affordable Care Act despite her allegations exclusively relating to her role as a *provider* of healthcare. As the total absence of authority for this novel legal position makes clear, Plaintiff's position has no support in law.

Plaintiff cites *United States v. Harris Methodist Fort Worth*, 970 F.2d 94, 95 (5th Cir. 1992), which held that physician staff privileges are protected from discriminatory actions by hospitals receiving federal funds under the anti-discrimination provision of Title VI. However, the

6

ACA incorporates the framework of Title VI only to the extent that a plaintiff brings a claim for *race* discrimination; when a plaintiff brings a claim for *sex* discrimination, Title IX jurisprudence provides instructive guidance. . The Fifth Circuit has construed rights of action for sex discrimination under Title IX more narrowly than those under arising under Title VI, limiting the availability of these claims in the Title IX context to students.[4] Further, Plaintiff ignores that, in one of its only cases addressing the anti-discrimination provision of the ACA, the Fifth Circuit explicitly stated that the Act prohibits discrimination "during the provision of health care." *Francois v. Our Lady of the Lake Hosp., Inc.*, 8 F.4th 370, 378 (5th Cir. 2021).

Other than her reliance on *Harris Methodist*, Plaintiff provides no legal support for her textual argument that the ACA's non-discrimination protections apply to non-employee physicians. But the text of the statute intentionally distinguishes between the legal framework applicable to claims for race discrimination and claims for sex discrimination. And no reported case (at least that counsel for SMMC could locate) has allowed a cause of action to proceed by a non-patient alleging discrimination under this statute.

Plaintiff's inability to support her argument that she is entitled to protection under the ACA is unsurprising. The United States Department of Health and Human Services has defined the three primary goals of the ACA: (1) Make affordable health insurance available to more people; (2) Expand the Medicaid program to cover more adults; and (3) Support innovative medical care delivery methods designed to lower the costs of health care generally.[5] In line with these *patient-*

---

[4] *See* R. Doc. 19-1, p. 13.

[5] U.S. Department of Health & Human Services, About the Affordable Care Act, (last reviewed March 17, 2022), https://www.hhs.gov/healthcare/about-the-aca/index.html#:~:text=Make%20affordable%20health%20insurance%20available,federal%20poverty%20level%20(FPL).

centric goals, the ACA includes a non-discrimination provision, Section 1557, to ensure no individual is denied *access* to healthcare on account of invidious discrimination. The numerous cases from this federal circuit cited by SMMC confirm that Section 1557's protection extends to these *patients* seeking access to healthcare.[6] There is no such case law creating a right of action for a *provider* seeking admitting privileges to invoke the ACA's anti-discrimination provisions, and the Court should not create such a right of action here. Therefore, the Court should dismiss this claim.

### V. The Complaint Fails to State a Claim For Civil Conspiracy Under Article 2324

Finally, Plaintiff's claims for Civil Conspiracy under Article 2324 of the Louisiana Civil Code fail as a matter of law. "The actionable element of a conspiracy claim is not the conspiracy itself but rather the tort that the conspirators agree to perpetrate and actually commit in whole or in part." *House of Raeford Farms of La. v. Poole*, No. 19-271, 2022 U.S. Dist. LEXIS 56797, at *12-13 (W.D. La. Mar. 28, 2022) (Foote, J.). Plaintiff does not address or refute the case law cited in the Opposition establishing that civil conspiracy is not a tort in and of itself, but is only relevant to the distribution of damages after a court determines that two tortfeasors conspired to commit the same wrongful action.

Plaintiff cannot now state a claim for conspiracy against SMMC under Counts relating solely to another defendant by alleging that SMMC conspired with that defendant as it relates to those claims. And, regarding the one claim referenced in Count X that is actually plead against SMMC – liability under La. R.S. 51:2256 plead in Count VI – this also cannot form the basis for an alleged conspiracy because this claim should also be dismissed for the reasons discussed *supra*.

---

[6] R. Doc. 19-1, p. 12-13.

Accordingly, because there is no underlying tort for which LSU and SMMC may both be found liable, the Court should dismiss this claim.

## CONCLUSION

For the foregoing reasons, SMMC respectfully requests the Court dismiss Counts VI-X of the Amended Complaint.

Dated: October 14, 2022                                Respectfully submitted,

/s/ Jennifer F. Kogos
JENNIFER F. KOGOS (#25668)
JACOB J. PRITT (#38872)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, Louisiana 70170
Direct Telephone:  (504) 582-8154
                                   (504) 582-8643
Direct Facsimile    (504) 589-8154
                                   (504) 589-8643
jkogos@joneswalker.com
jpritt@joneswalker.com

**Attorneys for Defendant Ochsner LSU Health Shreveport – St. Mary Medical Center, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, a true and correct copy of the foregoing pleading has been served upon all counsel of record by electronic filing.

/s/ Jennifer F. Kogos

#100711225v1