# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| RACHEL BISHOP | CIVIL ACTION NO. 5:22-cv-1607 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY ET AL | MAGISTRATE JUDGE HORNSBY |

## AMENDED SCHEDULING ORDER

During the January 10, 2024 telephone Status Conference, the following dates were set on the docket of **Judge Foote**:

**JURY TRIAL:**      **March 17, 2025 at 9:00 A.M., Shreveport, Courtroom 2**
The Court will allocate 4-5 days for the trial of this matter.

**PRETRIAL CONFERENCE:**      **February 13, 2025 at 10:00 A.M.**
All trial counsel shall participate in person. The Court will fully explore all pending evidentiary and legal issues and discuss its trial procedure. Accordingly, the conference can be lengthy. Counsel should contact chambers before the conference to ensure that they have allotted sufficient time in their schedules.

**\*JOINT PRETRIAL ORDER\*:**
**(Format available at www.lawd.uscourts.gov)**
**February 6, 2025**
Simultaneously with filing the pretrial order, counsel must deliver to chambers one paper copy of any exhibits to which that party noted objections in the pretrial order.

Page 1

## Special Requirements Enforced by the Court

A. **Motions to Extend Deadlines.** A motion to extend any deadline shall include a statement that the granting of the motion shall or shall not affect any other deadline or the trial date. Filing a motion to extend a deadline does not, in and of itself, result in an extension of time. Therefore, motions for extensions of time must be filed as soon as possible, but in any event, not later than **12:00 p.m. (noon)** of the day preceding the existing deadline.

B. **Dispositive Motion Deadline.** Because the Court wishes to decide dispositive motions in time to allow counsel to adequately prepare for the pretrial conference and for trial, motions to extend the dispositive motion deadline are disfavored and will be granted only in exceptional circumstances. Counsel are reminded that dispositive motions are not fully briefed and ripe for review until 28 days after they are filed and that the Court conducts a full pretrial conference approximately one month before the trial date.

C. **Exhibits to Motions.** Any exhibit attached to a motion must be labeled with a letter rather than a number. When the exhibits are filed in CM/ECF, counsel must file each exhibit as a separate attachment and must include **a descriptive title** (e.g., "Exhibit A – Excerpts of Plaintiff's Deposition" rather than "Exhibit 1"). In addition, each exhibit attached to a motion should be discussed and its contents explained within the motion or supporting memorandum. Compliance with these procedures aids the Court when reviewing parties' submissions electronically.

D. **Courtesy Copies.** It is the duty of the attorneys to provide a courtesy copy of all filings directly to chambers. Courtesy copies of all pretrial submissions marked with an asterisk (*) in this draft scheduling order shall be submitted to Judge Foote's chambers via e-mail at foote_motions@lawd.uscourts.gov simultaneously with the docket filing. The courtesy copy must be in Word format. If the filing is longer than fifty (50) pages (inclusive of exhibits and attachments), counsel should also submit a paper courtesy copy to the Court.

E. **Publishing Exhibits to the Jury**. For paper exhibits, only individual pages that have been published to the jury in open court will be admitted into evidence and allowed into the jury room during deliberations. The Court also requires that these pages be published in connection with witness testimony unless previous permission has been obtained from the Court. The purpose of this rule is to ensure that the jury does not base its verdict on exhibits whose relevance has not been established. This rule does not apply to contracts for liability insurance.

Exhibits may be published to the jury electronically by counsel from the podium or by an assistant from the counsel table. If counsel prefers to use paper copies of exhibits, these may be displayed to the jury by counsel from the podium using the courtroom's projection equipment.

F. **Exhibits on CD-ROM.** If a party wishes to have its exhibits displayed to the jury by the courtroom deputy (rather than by counsel or an assistant), exhibits must be submitted on CD-ROM to Robin Enkey, the courtroom deputy, one week before trial. The party must contact Mrs. Enkey for specific instructions regarding the format of the files on the CD-ROM. Mrs. Enkey may be reached at 318-934-4717 or at robin_enkey@lawd.uscourts.gov.

G. **Exhibits for the Record.** In order to preserve the record for appellate review, a second CD-ROM containing pdf-format versions of the exhibits that were introduced at trial must be provided to the courtroom deputy at the close of trial. The parties must also submit an exhibit list reflecting only those exhibits introduced at trial in Word format to the courtroom deputy.

H. **Exhibits for Jury Deliberations.** Before the jury retires to deliberate, counsel must provide the courtroom deputy with a single binder containing only those exhibits that were published to the jury and admitted into evidence by the Court. The exhibits should be separated by tabs. This will constitute the set of documents that the jury will use in its deliberations.

I. **Joint Submissions.** It is the duty of all counsel to notify the court in writing if, after good faith reasonable effort, any party cannot obtain the cooperation of opposing counsel on matters requiring joint submissions, including the Pretrial Order, Joint Jury Instructions, Joint Preliminary Statements, or edited Trial Depositions. If the parties cannot agree on the content of a joint submission, they must file separate submissions.

J. **Trial depositions.** Unless excused by Judge Foote for good cause shown, trial depositions (see && 14–15) in jury cases shall be videotaped.

K. **Computation of Deadlines.** If a deadline falls on a Saturday, Sunday, or federal holiday, the effective date is the first business day following the deadline imposed.

L. **Standing Orders.** Attorneys are expected to comply with all applicable Standing Orders, including, but not limited to, Standing Order 1.95 (Code of Professionalism). Standing Orders are posted on the court's website: www.lawd.uscourts.gov.

**M.** **Confidential Discovery and Protective Orders.** As this is a court of public record, the Court will not accept a protective order providing that documents will be automatically sealed when the parties so designate. However, language similar to the following will be approved:

> The parties acknowledge that it may be necessary to file confidential discovery into evidence, either at the trial of the matter or as an attachment to other filings with the Court. Before filing any document designed as "confidential," the party proposing the filing shall contact the party who has designated the document as "confidential" and request permission to file the discovery as unsealed in the public record. Said permission shall not be unreasonably denied. In the event that such permission is denied, leave of court must be obtained by the party who seeks to file the confidential evidence before any document is filed under seal.

**N.** **RealTime Transcripts.** All requests for RealTime transcripts must be made at least 7 days prior to trial.

## PRETRIAL DEADLINES:

| DEADLINE: | | FOR: |
|---|---|---|
| **CLOSED** | 1. | **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS.** |
| **CLOSED** | 2. | **EXCHANGE WITNESS LISTS.** Counsel for plaintiff shall deliver to counsel for defendant a witness list setting forth the name, address, and a brief summary of each witness' expected testimony. Defendant's witness list is due **seven (7)** days after receipt of plaintiff's list. Counsel need <u>not</u> file the witness lists with the clerk's office. |

| | | |
|---|---|---|
| **August 12, 2024** | 3. | **PLAINTIFF'S EXPERT REPORTS.**[1] |
| | | Plaintiff shall deliver reports in compliance with Rule 26(a)(2)(B), except for the listing of prior depositions. If there is any subsequent change in the expert's opinion, or its basis, the offering attorney must notify all counsel within **seven (7) days** thereafter. All expert reports must be accompanied by a statement by counsel as to the precise area of expertise in which the expert will be tendered. |
| **Deliver to all counsel immediately upon receipt** | 4. | **RECORDS OF TREATING HEALTH CARE PROVIDERS.** |
| **September 10, 2024** | 5. | **DEFENDANT'S EXPERT REPORTS.** See &3. |
| **August 12, 2024** | 6. | **DISCOVERY COMPLETION and DISCOVERY MOTIONS.** |
| | | To allow time for responses, written discovery must be served more than **thirty (30) days** before the deadline. Motions to compel must be filed by this date. |
| **October 10, 2024** | 7. | **COMPLETION OF EXPERT DEPOSITIONS.** |
| **November 12, 2024** | *8. | **DISPOSITIVE MOTIONS.*** |
| **October 31, 2024** | *9. | **DAUBERT/EXPERT TESTIMONY MOTIONS.*** |
| | | Any challenge to the relevance or reliability of expert testimony and any exhibits or demonstrative aids to be used in connection with the expert's testimony must be filed by this date. Such a motion should be filed only if a party has a nonfrivolous basis to challenge |

---

[1] A treating physician may opine about diagnosis, prognosis, causation, or the need for future medical treatment without producing a report under Rule 26(a)(2)(B) and without the proponent providing a summary of facts and opinions under Rule 26(a)(2)(C). The brief summary described in the main body of this order satisfies a party's Rule 26 disclosure requirements for treating physicians. A party must still qualify a treating physician at trial if the physician will testify to a medical opinion.

an expert's qualifications or whether the expert's testimony and exhibits or aids reflect a reliable method reliably applied.

**January 9, 2025**      **10.   EXCHANGE OF PROPOSED PRETRIAL ORDER AND EXHIBITS.**

    **(A)** Counsel for plaintiff shall deliver to counsel for defendant a draft of the proposed pretrial order, including a list of plaintiff's witnesses and exhibits, as well as a set of plaintiff's exhibits.

    **(B)** Within **seven (7) days** of receipt of plaintiff's draft of the PTO, defense counsel shall deliver to plaintiff's counsel defendant's inserts, changes and/or objections to plaintiff's proposed pretrial order, including a list of defendant's witnesses and exhibits, as well as a set of defendant's exhibits.

**January 23, 2025**     **11.   CONFERENCE TO PREPARE PRETRIAL ORDER.**
Plaintiff's counsel shall host a conference at a convenient time for all trial counsel in order to finalize the pretrial order. The Court prefers such conference occur in person, but should a face-to-face conference not be feasible or practical, counsel shall confer by telephone.

**January 30, 2025**     ***12.   MOTIONS IN LIMINE.***
Motions to admit or exclude testimony or evidence must describe the <u>specific</u> testimony or evidence at issue and the context in which the movant anticipates the testimony or exhibit will be presented. If a motion refers to an exhibit, the proposed exhibit must be attached to the motion. Any opposition shall be filed within **seven (7)  days** of the filing of the motion.

Page 6

**February 14, 2025**      13.   **TAKING TRIAL DEPOSITIONS.**
Depositions to be used at trial in lieu of live testimony, whether of lay or expert witnesses, may be taken after the discovery deadline, but no later than this deadline, provided reasonable notice is provided to all parties. See also Special Requirements, Section J.

**March 7, 2025**      *14.   **TRIAL SUBMISSIONS FOR THE JURY.***

   **(A)   JOINT JURY INSTRUCTIONS and JOINT JURY INTERROGATORIES**
   If the parties are unable to agree as to any specific jury instruction, a separate proposal, supported by *pinpoint citations*, should be submitted for each contested instruction. Instructions should be submitted in one document and in the order to be read to the jury.

   **(B)   TWO JOINT PRELIMINARY STATEMENTS**
   The parties should prepare and submit two (2) joint preliminary statements. The first joint preliminary statement should be brief (no more than one or two paragraphs) and will be read to the jury venire during voir dire as an introduction to the case. The second, more detailed statement will be read to the impaneled jury as part of the preliminary jury instructions. The latter statement should include facts, burdens of proof, and basic statements of the relevant law as each party alleges it should apply to these facts. This statement is intended to provide "sign posts" for the jury and should also contain the parties' stipulations.

   **(C)   EXHIBITS ON CD-ROM**
   See Special Requirements, Section F.

      **(D)**   **EXHIBIT BOOKS.**
Counsel shall submit two paper copies of trial exhibits to Chambers. Paper copies shall be submitted in a three-ring binder, no larger than 3 inches in width, with each exhibit separated by a numbered tab. A descriptive index of exhibits shall also be provided.

      **(E)**   **STIPULATIONS**

**March 7, 2025**      **\*15. PLAINTIFF'S WILL CALL LIST.**

**CLOSED**      **\*16. <u>NON-JURY</u> TRIAL SUBMISSIONS.\***
This requirement applies only in the event the parties waive their right to a trial by jury.

      **(A)**   **FINDINGS OF FACT and CONCLUSIONS OF LAW**
The parties' submissions shall be formatted in individually numbered, single-sentence statements. Conclusions of law shall include pinpoint legal citations of supporting authority. Each party's submission shall be filed with the clerk of court and exchanged with all other parties by that deadline.

      **(B)**   **EXHIBIT BOOKS**
Counsel shall submit two paper copies of trial exhibits to Chambers. Paper copies shall be submitted in a three-ring binder, no larger than 3 inches in width, with each exhibit separated by a numbered tab. A descriptive index of exhibits shall also be provided.

**March 7, 2025**      **\*17. SUBMISSION OF TRIAL DEPOSITIONS.\***
Trial depositions shall be edited jointly by the parties to remove all non-essential material. Two (2) copies of any edited trial depositions (paper copy for non-jury trials or video copy for jury trials) shall be delivered to chambers by the deadline. All objections thereto must

also be filed and briefed by this deadline. An additional copy of the edited deposition for use during trial shall be brought to court on the morning of trial.

**March 12, 2025**          ***18.  DEFENDANT'S WILL CALL LIST.***

*A courtesy copy of these items shall be submitted to the Chambers of Judge Foote in accordance with the procedure outlined in Section D of Special Requirements.

THUS DONE AND SIGNED at Shreveport, Louisiana, January 10, 2024.

**00:30**

Mark L. Hornsby
U.S. Magistrate Judge